Bullen *v.* Baker.

Bullen, *plaintiff in error, vs.* Baker, *original plaintiff.*

In a suit for a fine for neglect of military duty, if it be alleged that the defendant belonged to the company, and was liable to train therein ; or, was duly enrolled therein ; this is a sufficient allegation of enlistment.

The proper evidence of enlistment in a company raised at large, is the signature of the party enlisting himself.

But where the defendant, in a trial before a Justice of the peace for neglect of military duty in such company, admitted that he had always done duty in that company and no other, and that he was duly enrolled and legally warned ; this admission was held equivalent to direct proof of enlistment.

An allegation that the company was drawn out for improvement in military arts and exercises, must be understood as intending only an ordinary company training, and not a company inspection and drill.

The Judgment of a Justice of the peace, upon the evidence before him, is not to be reversed unless clearly against the weight of the evidence.

THIS was a writ of error, brought to reverse the judgment of a Justice of the peace in a suit brought by the defendant in error as clerk of a volunteer militia company, against the plaintiff in error, for neglect to appear and do military duty therein at three several company trainings. The first count in the writ stated the first training to have been on Tuesday, *Sept.* 15, 1829, for non-appearance, at which a fine of four dollars was demanded ; and the second training in *November* following, for neglecting which three dollars was demanded ; and the like sum for another subsequent neglect, stated in the second count. The errors assigned, as well as the principal parts of the record, are sufficiently stated by the Judge, in the opinion of the Court.

*Pope,* for the plaintiff in error, argued that there was no legal proof of the enlistment ; which being a contract, to continue in force seven years, should be in writing, or it was void by the statute of frauds. *Howard v. Harrington,* 4 *Pick.* 125.

*H. Belcher,* for the defendant in error, cited *Commonwealth v. Smith,* 11 *Mass.* 456.

PARRIS J. delivered the opinion of the Court.

It is contended that the judgment, in this case, should be reversed, because there is no averment, in the original declaration, that *Bullen* was legally enlisted into the light infantry company, of which the defendant in error is clerk.

The allegation, in the first count, is, that the original defendant " belonged to said company and was liable to train in it." Although there is no direct averment that he ever enlisted into the company, yet, as he could not belong to or be liable to train in it unless he had so enlisted, we think the judgment on the first count ought not to be reversed for this cause, the fact of enlistment being substantially, although not directly averred.

In the second count, the averment is that he " belonged to said company and was duly enrolled therein." He could not be duly enrolled in a company raised at large, as light infantry companies are, unless upon voluntary enlistment ; and the averment that he was thus enrolled may be considered, especially after judgment, as substantially an averment that he was legally enlisted. The declaration is not so defective as to require a reversal of the judgment for that cause.

But it is assigned as error that there was no proof of enlistment. No man is bound to join any light or volunteer company, or company raised at large, unless by voluntary enlistment ; and the proper evidence of such enlistment is the signature of the person enlisting. In this case, the Justice, who sends up the record, has certified that *Bullen* admitted that he had always done military duty in the light infantry company and no other ; that he had been legally warned, and that he was duly enrolled. This admission is equivalent to direct proof of enlistment.

It is urged that *Bullen* was not an able bodied man, and, therefore, not liable to be enrolled in any company. From the evidence reported by the Justice it does appear, that, two years previous to the alleged neglect, *Bullen* was in a very precarious situation as to bodily health ; and such were the indications, at that time, as to render it probable that he would never again be sound in body. But

the evidence as clearly shows, that, at the time of the alleged neglect, and for a long time previous, he was sound and able bodied, and could endure fatigue and exertion to as great a degree as any person in the district to which he belonged. This fact is proved by the surgeon of the regiment, who had been present and witnessed *Bullen's* bodily agility and power, and for that reason refused to certify his inability to perform military duty on account of bodily infirmity. We think the weight of evidence is in favor of the Justice's decision; and, unless clearly against it, his judgment ought not to be reversed.

Another error assigned is that the fines imposed are not authorized by law. In the first count it is alleged that the commander of the company on two separate days drew up and mustered his said company to improve them in military arts and exercises, at the usual place of parade, and that the said *Bullen,* by neglecting to attend each of those musters, forfeited seven dollars.

By the first section of the Act of *Feb.* 28, 1825, the fine for neglecting to attend any company training is three dollars, and for neglecting to attend any company inspection and drill the fine is four dollars. What is intended by company inspection and drill is explained in the second section, where it is provided that every commanding officer of a company shall parade his company on the Tuesday following the second Monday of *September* annually, for inspection and drill, and on one other day for company discipline. The object of the inspection being to examine and take an account of the equipments of the members of the company, to note all deficiencies of equipment, and correct the company roll; a higher fine is imposed for absence from a company inspection and drill than from a company training. The fine for the former neglect is four dollars, for the latter three. As neither of the trainings mentioned in the first count is alleged to have been for inspection and drill, no higher fine than three dollars could be legally imposed for neglecting to attend either of them. It is not improbable that the first training was actually for inspection and drill; and if it had been so alleged, the judgment would be correct. But this cannot be presum-

ed, especially against the direct allegation in the writ. We must consider both, as they are alleged to be company trainings ; and, inasmuch, as the judgment is for a greater sum than the Justice was authorized to impose, it must be reversed for the excess over three dollars for each neglect.